# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7427 | **DATE** | October 24, 2011 |
| **CASE TITLE** | Tracey Taylor (#2011-0813078) and Eddie Daugherty (#2010-1103130) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

This complaint has been filed by two Plaintiffs. Both Plaintiffs must either file an *i.f.p.* application on the proper form with the information required by Section 1915(a)(2) or pay the full $350 filing fee. The complaint [1] is dismissed for failure to state a claim. Plaintiff(s) are given leave to file an amended complaint within 30 days of this order. If an amended complaint is filed, Plaintiff(s) must also show cause in writing why the amended complaint should not be dismissed without prejudice for failure to fully exhaust his administrative remedies. The Clerk is directed to send each Plaintiff an *i.f.p.* application and an amended complaint form with instructions. The Court will review any amended complaint that is filed and each Plaintiff still a party to this action shall be held accountable for all the consequences addressed below. Plaintiff (s)' failure to: (1) submit an *i.f.p.* application or pay the full $350 filing fee, (2) submit an amended complaint, and (3) show cause in writing why any amended complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies will result in dismissal of this case on the understanding that they do not wish to proceed with this action in federal court at this time.

■[For further details see text below.]  Docketing to mail notices.

# STATEMENT

     A complaint, identifying two Plaintiffs, has been received by the Court. Neither Plaintiff filed a motion for leave to proceed *in forma pauperis* (*i.f.p*) or paid the filing fee (although they indicate in a letter they will do so).
     All persons filing complaints in this Court, even if more than one person files a case, must file an *i.f.p.* application or pay the full filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004) (each co-plaintiff is obligated to pay a full, separate statutory filing fee). To enable the Court to make the necessary assessment of the filing fee, each Plaintiff must submit the required *i.f.p.* application or pay the full $350 filing fee if he intends to remain a Plaintiff in this action.
     Furthermore, the complaint on file does not sufficiently state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to " give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."
     The caption of the submitted complaint identifies Tracey Taylor and Eddie Daugherty as Plaintiffs. The list of parties only identifies Tracey Taylor as a Plaintiff. While the statement of the claim alleges that jail administrators are discriminating against detainees of the Muslim faith by not providing them meals consistent with their faith and requiring them to take some type of test, it does not include any allegations specifically as to either Tracey Taylor or Eddie Daugherty. Instead, most of the complaint includes a discussion of another detainee's suit regarding the same claims – Larry M. Banks. Based on the discrepancies as to who is actually bringing suit and the majority of the allegations relating to a non-party (Banks), the complaint on file fails to properly state a claim.
     In addition, it appears that Plaintiff(s) did not fully exhaust the required administrative remedies prior to bringing suit. The complaint alleges that at an unspecified date, an emergency grievance was filed but the superintendent failed to respond within 48 hours.

## STATEMENT

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to jail/prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, Plaintiffs' failure to fully exhaust appears on the face of the complaint. Failure to plead exhaustion mandates dismissal of the prisoner's claim without prejudice. *See Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

A plaintiff is required to take **all steps** required by the jail's grievance procedure and may not bypass all steps without giving the jail adequate time to address a grievance. Based on the short time frame alleged and the lack of any appeal as to the grievance, it does not appear that Plaintiff could have **fully exhausted his administrative remedies prior to filing suit** (including the appeal process). Accordingly, Plaintiff(s) must show cause in writing why any submitted amended complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies.

Lastly, Plaintiffs are admonished as to issues that they may not be aware of that arise in multiple-plaintiff prisoner litigation. Complaints by multiple prisoners may be filed in federal court **if** the criteria under Federal Rule of Civil Procedure 20 are satisfied. *See Boriboune*, 391 F.3d at 854. However, issues in such litigation may cause some prisoners to want to opt out of such litigation. First, each Plaintiff is required to pay the full filing fee. *See Boriboune*, 391 F.3d at 854. Thus, in this case, each Plaintiff is required to pay the $350 filing fee. Second, all Plaintiffs must sign every pleading pursuant to Federal Rule of Civil Procedure 5. Pleadings that are not signed by all Plaintiffs may be stricken. In addition, each submission must be served on each party, including all Plaintiffs, thus, copy and postage costs are increased. Third, each litigant is accountable for his co-Plaintiffs' claims; therefore, if one Plaintiff is assessed a strike, any co-Plaintiff will be assessed a strike as well. *Boriboune, supra*, 391 F.3d at 856. Fourth, in screening the amended complaint pursuant to Section 1915, the Court will consider whether unrelated claims should be severed and, if such severance is appropriate, that claim will have to be prosecuted in a separate action that will require the payment of another $350 filing fee.

For the foregoing reasons, Plaintiff(s) shall have 30 days from this order in which to: (1) submit an *i.f.p.* application or pay the full $350 filing fee, (2) submit an amended complaint, and (3) show cause in writing why any amended complaint should not be dismissed without prejudice for failure to fully exhaust his administrative remedies. If, by that date, any Plaintiff advises the Court that he does **not** wish to participate in the action, he will be dismissed from the lawsuit and will not be charged a filing fee.