# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7427 | **DATE** | November 15, 2011 |
| **CASE TITLE** | Tracey Taylor (#2011-0813078) and Eddie Daugherty (#2010-1103130) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Tracey Taylor's motion to proceed *in forma pauperis* [5] is granted. The Court authorizes and orders Cook County Jail officials to deduct $5.08 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. Plaintiff Eddie Daugherty is dismissed from this action for failure to exhaust his administrative remedies. The Clerk is directed to dismiss Daugherty as a Plaintiff in this action. In light of his dismissal, Daugherty's motion to proceed *in forma pauperis* [6] is denied. Plaintiff Taylor's amended complaint [7] is accepted. Defendants Director Miller, Aramark Food Service and unknown agent are dismissed from this action. All previously dismissed-Defendants remain dismissed. The Clerk shall issue summonses to the remaining named Defendants, Cook County and Thomas Dart, and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The Clerk shall send Plaintiff Daugherty a copy of this order.

■[For further details see text below.]   Docketing to mail notices.

# STATEMENT

On October 24, 2011, Plaintiffs, Tracey Taylor and Eddie Daugherty, were ordered to either file a motion to proceed *in forma pauperis* (*i.f.p*) or to pay the filing fee. Plaintiffs were also ordered to submit an amended complaint because the complaint on file failed to state a claim. In addition, Plaintiffs were ordered to show cause in writing why any submitted amended complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies because, based on the allegations in the complaint, it did not appear that the Plaintiffs fully exhausted their administrative remedies. Plaintiffs have filed motions for leave to proceed *i.f.p.* and submitted an amended complaint.

Plaintiff Taylor's motion for leave to proceed *i.f.p.* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.08. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Plaintiff Daugherty's motion for leave to proceed *i.f.p.* is denied in light of his dismissal from this action for failure to exhaust his administrative remedies (as discussed below).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

| STATEMENT |
|---|
|     Plaintiffs allege that they are followers of the Sharia Fiqa of Islamic Monotheists and that they are being denied the right to practice their religion due to an anti-Sharia policy in Cook County Jail. This includes not being provided Muslim meals and being denied the right to attend Muslim services. Plaintiff Taylor alleges that he has filed an emergency grievance regarding the policy but he has not heard any response to the grievance as the procedure fails to "work" at the jail. There are no allegations that Plaintiff Daugherty has exhausted his administrative remedies.<br>    Plaintiffs' amended complaint names Cook County, Sheriff Thomas Dart, Director Miller, Commander Franko, Aramark Food Service, and an unknown agent as Defendants. Plaintiff Taylor may proceed with his official capacity claim, based on the alleged discriminatory policy at Cook County Jail, against Cook County and Sheriff Dart. However, the amended complaint fails to include any allegations demonstrating liability as to the remaining-named Defendants. In fact, there are no allegations or any involvement by these Defendants. Accordingly, these Defendants are dismissed from this action. Furthermore, Plaintiff Daugherty has not shown cause regarding whether he has exhausted his administrative remedies. Each Plaintiff is required to fully exhaust his administrative remedies. *See Ambrose v. Walker*, No. 08-533, 2010 WL 1653342, * 4 (S.D. Ill. July 1, 2010) (Herndon, J.) (rejecting vicarious exhaustion for non-class action suit by prisoners and requiring each named-plaintiff to exhaust the available administrative remedies); *Doss v. Gilkey*, 649 F. Supp. 2d 905, 913-14 (S.D. Ill. 2009) (same). Thus, Plaintiff Taylor's allegations regarding his exhaustion of his administrative remedies does not extend to Daugherty, and Daugherty is dismissed from this action for failure to exhaust his administrative remedies. Daugherty may file his own suit after he fully exhausts his administrative remedies. In light of his dismissal from this action, the Court denies his motion for leave to proceed *i.f.p.*<br>    The United States Marshals Service is appointed to serve the Defendants, Cook County and Sheriff Thomas Dart. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. |